IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICK A. CROMER,

        Plaintiff,                 No. CIV S-07-2508 LKK DAD P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.           <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the required filing fee of $350.00 or filed an application to proceed in forma pauperis. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(a). Plaintiff will be granted thirty days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis.

        Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. <u>See</u> 28 U.S.C.

1

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

must contain factual allegations sufficient "to raise a right to relief above the speculative level."

Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

(1969).

Here, plaintiff names as defendants the Governor of California and the Director of

the California Department of Corrections and Rehabilitation (CDCR), contending that the

overcrowding in the state prison system has endangered the lives of prisoners and is "detrimental

1  to our mental & physical well being due to poor quality medical care.  As well as dental care."

2  [sic]  (Compl. at 3.)  Plaintiff seeks damages of 24 million dollars and punitive damages of 200

3  million dollars  with "most of the punitive award to be earmarked exclusively for developing real

4  tangible solutions to this ongoing problem of over-crowding, with the Court overseeing the use

5  of such money."  (Id.)

6          The court will dismiss the complaint and grant plaintiff leave to file an amended

7  complaint so that he can provide factual allegations concerning how the alleged overcrowding

8  has resulted in him being denied adequate medical and dental care.  Plaintiff is also advised that

9  he may not pursue an action on behalf of all California state prisoners.  It is well established that

10  a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States,

11  366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative

12  class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405,

13  1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests

14  of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v.

15  Middendorf, 420 F. Supp. 779 (D. D.C. 1976).

16          Plaintiff is provided the following legal standards governing a claim alleging

17  inadequate medical or dental care.  The unnecessary and wanton infliction of pain constitutes

18  cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S.

19  312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97,

20  105-06 (1976).  In order to prevail on a claim of cruel and unusual punishment, a prisoner must

21  allege and prove that objectively he suffered a sufficiently serious deprivation and that

22  subjectively prison officials acted with deliberate indifference in allowing or causing the

23  deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

24          Where a prisoner's Eighth Amendment claims arise in the context of medical

25  care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence

26  deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth

3

1    Amendment medical claim has two elements:  "the seriousness of the prisoner's medical need

2    and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050,

3    1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133

4    (9th Cir. 1997) (en banc).

5            A medical need is serious "if the failure to treat the prisoner's condition could

6    result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

7    McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104).  Indications of a

8    serious medical need include "the presence of a medical condition that significantly affects an

9    individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical

10   need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.

11   Farmer v. Brennan, 511 U.S. 825, 834 (1994).

12           If a prisoner establishes the existence of a serious medical need, he must then

13   show that prison officials responded to the serious medical need with deliberate indifference.

14   Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials

15   deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in

16   which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94

17   (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard

18   to medical care, however, "the indifference to his medical needs must be substantial.  Mere

19   'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

20   Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at

21   105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and

22   "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer,

23   511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

24           Delays in providing medical care may manifest deliberate indifference.  Estelle,

25   429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in

26   providing care, a plaintiff must allege facts showing that the delay was harmful.  See Berry v.

4

1    Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v.

2    Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th

3    Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

4    "A prisoner need not show his harm was substantial; however, such would provide additional

5    support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett

6    v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  See also McGuckin, 974 F.2d at 1060.

7            Finally, mere differences of opinion between a prisoner and prison medical staff

8    as to proper medical care do not give rise to a § 1983 claim.  Jackson v. McIntosh, 90 F.3d 330,

9    332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

10   F.2d 1337, 1344 (9th Cir. 1981).

11           The Civil Rights Act under which this action was filed provides as follows:

12               Every person who, under color of [state law] . . . subjects, or causes
                 to be subjected, any citizen of the United States . . . to the
13               deprivation of any rights, privileges, or immunities secured by the
                 Constitution . . . shall be liable to the party injured in an action at
14               law, suit in equity, or other proper proceeding for redress.

15   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

16   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

17   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

18   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

19   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

20   omits to perform an act which he is legally required to do that causes the deprivation of which

21   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22           Supervisory personnel are generally not liable under § 1983 for the actions of their

23   employees under a theory of respondeat superior and, therefore, when a named defendant holds a

24   supervisorial position, the causal link between him and the claimed constitutional violation must

25   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

26   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

1  involvement of official personnel in civil rights violations are also insufficient.  <u>See</u> <u>Ivey v.</u>

2  <u>Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

3          Plaintiff is informed that the court cannot refer to a prior pleading in order to

4  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

5  complaint be complete in itself without reference to any prior pleading.  This is because, as a

6  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10          Accordingly, IT IS HEREBY ORDERED that:

11          1.  Plaintiff shall submit, within thirty days from the date of service of this order,

12  either the $350.00 filing fee or a properly completed application to proceed in forma pauperis on

13  the form provided with this order;

14          2.  The complaint, filed on November 21, 2007, is dismissed;

15          3.  Plaintiff is granted thirty days from the date of service of this order to file an

16  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

17  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

18  docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff shall

19  use the form complaint provided by the court;

20          4.  Plaintiff is cautioned that failure to comply with this order or seek an extension

21  of time to do so will result in a recommendation that this action be dismissed without prejudice;

22  and

23  /////

24  /////

25  /////

26  /////

1          5.  The Clerk of the Court is directed to send plaintiff an Application to Proceed

2    In Forma Pauperis By a Prisoner and the form complaint for a § 1983 action.

3    DATED: October 8, 2008.

4

5                                            _____

6                                            DALE A. DROZD
                                             UNITED STATES MAGISTRATE JUDGE

7    DAD:bb/4
     crom2508.3a

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26